UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY MAURICE GRAY,

      Petitioner,

v.

      Case No. 16-cv-780-pp
      (Criminal Case 13-Cr-226-pp)

UNITED STATES OF AMERICA,

      Respondent.

---

**ORDER GRANTING JOINT MOTION FOR §2255 RELIEF (DKT. NO. 13), GRANTING PETITIONER'S §2255 MOTION (DKT. NO. 1) AND VACATING PETITIONER'S CONVICTION ON COUNT TWO AND REDUCING SENTENCE ON COUNT ONE TO TIME SERVED IN CASE NO. 13-CR-226**

---

On January 6, 2014, the defendant pled guilty to conspiring to commit a Hobbs Act robbery (Count One) and to carrying a gun during and in relation to a crime of violence in violation of 18 U.S.C. §924(c) (Count Two). United States v. Gray, Case No. 13-cr-226 at Dkt. Nos. 15, 17. Count Two carried a mandatory minimum sixty-month sentence, to be imposed consecutively to any other sentence; Judge Rudolph T. Randa sentenced the defendant to thirty months on Count One and a consecutive sentence of sixty months on Count Two. Id. at Dkt. No. 38 at 2. The "crime of violence" that the defendant had committed which gave rise to the §924(c) charge was *conspiracy* to commit a Hobbs Act robbery.

In 2015, the Supreme Court held that the Armed Career Criminal Act's residual clause, which caused a defendant to be subject to significantly

1

increased penalties for conduct that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015). Section 924(c) of Title 18, the crime for which the defendant in this case was convicted, also had a residual clause; it was almost identical to the clause the Supreme Court invalidated in Johnson. Conspiracy to commit armed robbery formed a predicate offense for a §924(c) charge only via that constitutionally infirm residual clause. See United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (June 24, 2019).

Shortly after the Supreme Court decided Johnson, the plaintiff filed this petition to vacate, correct or set aside his conviction on Count Two. Dkt. No. 1. The parties now have filed a joint motion for relief based on the Supreme Court's decision in Davis, which specifically holds that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague. Dkt. No. 13. They ask the court to vacate the defendant's conviction on Count Two. They ask that it sentence the defendant to time served on Count One, and to modify the conditions of his supervised release (given the changes in the law as to those conditions since Judge Randa imposed them). Id. at 2-3. The defendant has waived any right he may have to a resentencing hearing. Id. at 5.

The court agrees that it should grant the petition, vacate the conviction for Count Two and impose the sentence to which the parties have agreed.

The court **GRANTS** the parties' joint motion for §2255 relief. Dkt. No. 13.

The court **GRANTS** the petitioner's motion under 28 U.S.C. §2255 to vacate, correct or set aside his conviction on Count Two in <u>United States v. Gray</u>, 13-cr-226. Dkt. No. 1.

In Case No. 13-cr-226, the court **VACATES** the petitioner's conviction on Count Two.

In Case No. 13-cr-226, the court **ORDERS** that the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TIME SERVED as to Count One (1)**.

In Case No. 13-cr-226, the court **ORDERS** that upon release from imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS as to Count One (1)**.

In Case No. 13-cr-226, the court will issue an amended judgment reflecting the above sentence as to Count One, and reflecting the updated conditions of supervision agreed to by the parties.

The court **ORDERS** that this case is dismissed.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**